**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | |
|---|---|
| PHELICEA M. REDD, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) No. 1:25-cv-1510 (PTG/LRV) |
| | ) |
| ERIK S. SIEBERT, U.S. ATTORNEY FOR | ) |
| THE EASTERN DISTRICT OF VIRGINIA, | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

## <u>MEMORANDUM ORDER</u>

This matter is before the Court on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the Alternative, for Failure to State a Claim. Dkt. 2. On September 9, 2025, Defendant removed this action from the General District Court of Arlington County to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1442(a)(1). Dkt. 1 ¶¶ 1, 5. This dispute stems from Plaintiff s attempt to recover $20,000 from the "U.S. Attorney for legal fees." Dkt. 1-2. On September 11, 2025, Defendant filed the instant motion. *Id.* On September 12, 2025, the Court entered an order notifying Plaintiff that she had twenty-one (21) days from the entry of the order to file an opposition to Defendant's Motion. Dkt. 5; *see also Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). It further advised Plaintiff that the Court could dismiss some or all of the Plaintiff's claims based on Defendant's papers if Plaintiff did not file a response. Dkt. 5. Thereafter, Plaintiff failed to file any responsive briefing outside of a motion to strike. Dkt. 6. Still, the Court is obligated "to ensure that dismissal is proper" even when a motion to dismiss is unopposed. *Stevenson v. City of Seat Pleasant*, 743 F.3d 411, 416 n.3. Thus, the

1

Court will resolve the motions on the papers.  For the reasons that follow, the Court grants Defendant's Motion to Dismiss and denies Plaintiff's Motion to Strike as moot.

## Legal Standard

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Accordingly, a complaint is insufficient if it relies upon "naked assertions" and "unadorned conclusory allegations" devoid of "factual enhancement." *Id.* (citing *Iqbal*, 556 U.S. at 679 and *Twombly*, 550 U.S. at 557).  The complaint must present "enough fact to raise a reasonable expectation that discovery will reveal evidence" of the alleged activity. *Twombly*, 550 U.S. at 556.

When reviewing a motion brought under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted).  "[A] court is not required 'to accept as true a legal conclusion couched as a factual allegation,' or a legal conclusion unsupported by factual allegations." *Taylor v. First Premier Bank*, 841 F. Supp. 2d 931, 933 (E.D. Va. 2012) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986) and citing *Iqbal*, 556 U.S. at 680-82).

## Discussion

Plaintiff's warrant in debt merely states that she is "suing the U.S. Attorney for $20,000 in legal fees." Dkt. 1-2.  Beyond this singular generalized accusation, the complaint is bare.  The warrant in debt contains no factual allegations that would support the basis of Plaintiff's cause of

action.  It simply contains legal conclusions that are unsupported by factual allegations.  In the absence of any factual enhancement that would give rise to a reasonable inference that Defendant is liable for any misconduct, this Court is compelled to grant Defendant's motion to dismiss.  Such conclusory allegations and naked assertions cannot survive a motion to dismiss.  Plaintiff's inability to bolster her allegations with any colorable facts dooms her claim.

Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss (Dkt. 2) is **GRANTED**;

**ORDERED** that Plaintiff's Motion to Strike (Dkt. 6) is **DENIED** as moot, and it is further

**ORDERED** that Plaintiff's claim is **Dismissed without prejudice**.  Plaintiff is granted leave to file an amended complaint within twenty-one (21) days of this Order.  Plaintiff is advised that failure to file an amended complaint within that time period could result in dismissal of this action under Federal Rule of Civil Procedure 41(b).

Entered this ___1st___ day of May, 2026.
Alexandria, Virginia

_____ /s/
Patricia Tolliver Giles
United States District Judge

3